UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAI BENNETT,

    Plaintiff

vs.                                       Case No: 8:23-cv-00624

HUVI, INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAI BENNETT, (hereinafter "Plaintiff" or "Mr. Bennett"), by and through the undersigned counsel, hereby files this Complaint and Demand for Jury Trial against Defendants, HUVI, INC., (hereinafter "Defendant"), and states the following:

## NATURE OF ACTION

1.    Plaintiff brings this action against the Defendant, his former employer, for failure to pay Plaintiff's wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§201 – 219 ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.10, and for breach of contract.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331, and 28 U.S.C. §1343, and 29 U.S.C. § 216(b).

1

3. The Court has personal jurisdiction over this action because Defendant is principally located in Orange County, Florida, in the Middle District of Florida.

4. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391(b)(2) because all events giving rise to these claims occurred within this judicial district and Defendants employed Plaintiff at a location within this judicial district.

## PARTIES

5. At all times material hereto, Plaintiff was and continues to be a resident of Osceola County, Florida, in the Middle District of Florida.

6. Defendant is a Florida Profit Corporation organized under the laws of Florida and operates a business in Osceola County, Florida, located at 355 N Rosalind Avenue, Orlando, Florida 32801.

7. At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

## ALLEGATIONS OF FACT

9. In February of 2022, Mr. Bennett entered an Employment Agreement ("Agreement") with Defendant.

10. Per the Agreement, Mr. Bennett earned an annual salary of $52,000.

11. On or around July 29, 2022, Mr. Bennett resigned from Huvi, Inc.

12. However, Defendant did not accept Mr. Bennett's resignation, and Mr. Bennett worked until August 3, 2022.

13. Mr. Bennett received his last paycheck on July 15, 2022, which reflected the time he worked through July 8, 2022.

14. Defendant failed to pay Mr. Bennett for the three and a half weeks which he worked from July 8, 2015, through August 3, 2022.

## COUNT I
## Unpaid Wages Under the FLSA

15. Mr. Bennett incorporates by reference the allegations set forth in paragraphs one (1) through fourteen (14) above.

16. Defendant was an employer of Mr. Bennett within the meaning of the FLSA.

17. Mr. Bennett was an employee of Defendant within the meaning of the FLSA and, while so employed, was engaged in commerce. 29 U.S.C. § 202(a) and 29 C.F.R. § 552.99.

18. Defendant's annual gross revenue exceeded $500,000.00 in the year preceding nonpayment.

19. Mr. Bennett was employed by Defendant within the three-year period immediately preceding the filing of this action.

20. Defendant employed Mr. Bennett to work but failed to compensate him in accordance with the requirements provided in the FLSA.

21. Mr. Bennett was entitled to be paid his annual salary of $52,000.

22. Defendant knew or should have known that Mr. Bennett was entitled to receive compensation for all hours worked. Despite this fact, Defendant failed and refused to pay Mr. Bennett for the hours he worked during the pay period of July 8, 2022, to August 3, 2022.

23. As a consequence of Defendant's FLSA violation, Mr. Bennett is entitled to recover the portion of his salary that reflects all of the hours worked while he was employed by Defendant and for which he was not paid his earned wages.

24. Defendant's actions complained of herein was deliberate, willful, and without good faith or any legal justification within the meaning of 29 U.S.C. Section 216(b).

**WHEREFORE**, Plaintiff, KAI BENNETT, requests the following relief:

(a) That the Court find Defendant in violation of the FLSA;

(b) That the Court find that Defendant's violation was willful;

(c) That the Court award Mr. Bennett compensation for the unpaid wages referenced in this lawsuit AND liquidated damages of an equal amount of the unpaid wages, in addition to penalties and interest on said award pursuant to 29 U.S.C. § 216;

(d) That the Court award Mr. Bennett reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216; and

(e) That the Court award any other legal and equitable relief as this Court may deem appropriate.

## COUNT III
### Florida Minimum Wage, Fla. Stat 448.10

25. Mr. Bennett realleges and readopts the allegations of paragraphs one (1) through fourteen (14) of this Complaint, as though fully set forth herein.

26. During the statutory period, Mr. Bennett worked for Defendant, and he was not paid the applicable federal minimum wage for the hours that he worked, as mandated by the Florida Minimum Wage, Fla. Stat. § 448.110.

27. Plaintiff has performed all necessary pre-suit requirements in bringing this lawsuit.

28. Defendant failed to compensate Mr. Bennett at a rate that was at least equal to the applicable state minimum wage.

29. Because this reckless practice violates the provisions of Flat. Stat. § 448.110, Mr. Bennett is entitled to an amount equal to his unpaid minimum wages as liquidated damages.

30. Defendant's conduct, as alleged nd described above, constitutes a willful violation of Fla. Stat. § 448.110.

31. As a result of the foregoing, Mr. Bennett has suffered damages.

**WHEREFORE**, Plaintiff, KAI BENNETT, demands:

(a) Judgement against Defendant for an amount equal to the unpaid minimum wages of Mr. Bennett.

(b) Judgement against Defendant for an amount equal to the unpaid back wages of Mr. Bennett as liquidated damages.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as this Court deems just and equitable.

## COUNT IV
### Breach of Contract Under Florida Common Law

32. Mr. Bennett realleges and readopts the allegations of paragraphs one (1) through fourteen (14) of this Complaint, as though fully set forth herein.

33. Mr. Bennett worked for Defendant under an Agreement whereby Defendant would pay Mr. Bennett an annual salary of $52,000.

34. Defendant failed and refused to pay Mr. Bennett for the hours he worked during the pay period of July 8, 2022, to August 3, 2022.

35. Defendant's breach of contract caused Mr. Bennett to suffer damages in the form of unpaid wages.

**WHEREFORE**, Plaintiff, KAI BENNETT, requests the following relief:

(a) That the Court find that Defendant breached its contract with Mr. Bennett by failing to pay Mr. Bennett his earned wages.

(b)     That the Court award damages to Mr. Bennett equal to Mr. Bennett's unpaid wages.

(c)     That the Court award attorney's fees and costs under Fla. Stat. § 448.01.

(d)     That the Court award any other legal and equitable relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 21st day of March 2023.

                        Respectfully submitted,

*/s/ Gary L. Printy, Jr., Esq*
Gary L. Printy, Jr., Esq.
Florida Bar No. 41956
**PRINTY & PRINTY, P.A.**
3411 W. Fletcher Ave., Suite A
Tampa, Florida 33618
Telephone (813) 434-0649
FAX (813) 423-6543
garyjr@printylawfirm.com
***Attorney for Plaintiff***